IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER LOMBARDO<br>1030 Twining Road<br>Dresher, PA 19025<br>   and<br>EILEEN LOMBARDO<br>1030 Twining Road<br>Dresher, PA 19025<br><br>           Plaintiffs,<br><br>vs.<br><br>PATENAUDE & FELIX, A.P.C.<br>110 West A Street, Suite 600<br>San Diego, CA 92101<br><br>           Defendant. | Civil Action No. |

**COMPLAINT**
**UNLAWFUL DEBT COLLECTION PRACTICES**

**I. INTRODUCTION**

1. This is an action for damages brought by individual consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter the "FDCPA") and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq*. (hereafter the "FCEUA"), constituting unfair and deceptive acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq*. (hereafter the "UTPCPL"). These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

4. Plaintiff Jennifer Lombardo is an adult individual residing at 1030 Twining Road Dresher, PA 19025.

5. Plaintiff Eileen Lombardo is an adult individual residing at 1030 Twining Road Dresher, PA 19025.

6. Defendant Patenaude & Felix, A.P.C. is a law firm regularly engaged in the business of collecting debts in this Commonwealth with its principal place of business located at 110 West A Street, Suite 600, San Diego, CA 92101. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV. FACTUAL ALLEGATIONS

7. At all pertinent times hereto, Defendant was hired by Toyota Motor Credit Corporation to collect a debt relating to car loan that was allegedly provided to the Plaintiffs by Toyota Motor Credit Corporation (hereafter the "debt").

8. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes.

9. On or about June 26, 2002, Plaintiff Eileen Lombardo entered into an agreement with the Defendant (hereafter the "Settlement Agreement") in which, *inter alia*, Plaintiff Eileen Lombardo would pay $2,000 by July 31, 2002 which would satisfy the debt as paid in full.

10. In June of 2002, Defendant contacted Plaintiff Eileen Lombardo at her place of employment in an attempt to coerce payment of the debt. During this conversation, Plaintiff Eileen Lombardo informed Defendant that they were no longer to call her place of employment, as such calls were inconvenient to her and that her employer did not permit such calls at her place of employment.

11. Notwithstanding the above, in July of 2002, Defendant repeatedly continued to contact Plaintiff Eileen Lombardo at her place of employment in an attempt to coerce payment of the debt.

12. On July 31, 2002, in keeping with the Settlement Agreement, Plaintiff Eileen Lombardo sent out a check in the amount of $2,000 to satisfy in full the debt.

13. On or about August 27, 2002, Defendant wrote and sent to Plaintiff Jennifer Lombardo by U.S. mail a collection or "dunning" letter (hereafter the "Letter") which attempted to coerce Plaintiff Jennifer Lombardo into paying the debt. Additionally, the Letter, *inter alia*, stated that Defendant received the payment of $2,000. (A true and correct copy of Letter is attached hereto as Exhibit "A" and is incorporated herein).

14. Notwithstanding the above, Defendant breached the terms of the Settlement Agreement when they still attempted to collect more money from Plaintiffs despite Plaintiff Eileen Lombardo's payment of $2,000 to satisfy the debt pursuant to the terms of the Settlement Agreement.

15. At all pertinent times hereto, the Letter was the initial communication to Plaintiff Jennifer Lombardo by the Defendant. Additionally, Defendant did not send any written communications to Plaintiff Jennifer Lombardo with respect to the alleged debt within five days after the above initial communication.

16. At all pertinent times hereto, Defendant purported to be a law firm that was hired by Toyota Motor Credit Corporation to collect the alleged debt. However, no lawyer(s) actively participated in reviewing Plaintiffs' file or the Letter prior to its dissemination.

17. The objective least sophisticated consumer would interpret the communications contained in the Letter as being issued, authorized or approved by an attorney.

18. On or about September 17, 2002, a representative, employee and/or agent from Defendant identifying herself as "Susan Garcia" contacted Plaintiff Eileen Lombardo at her place of employment in an attempt to coerce payment of the debt after Plaintiff Eileen Lombardo instructed Defendant not to contact her at her place of employment anymore.

19. Notwithstanding the above, on or about September 24, 2002, Ms. Garcia again contacted Plaintiff Eileen Lombardo at her place of employment in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

20. Notwithstanding the above, on or about September 26, 2002, Ms. Garcia continued to contact Plaintiff Eileen Lombardo at her place of employment in an attempt to coerce payment of the debt.

21. Notwithstanding the above, on or about September 27, 2002, Ms. Garcia contacted Plaintiff Eileen Lombardo at her place of employment in an attempt to coerce payment of the debt.

22. Notwithstanding the above, on or about September 30, 2002, Ms. Garcia again contacted Plaintiff Eileen Lombardo at her place of employment in an attempt to coerce payment of the debt.

23. Notwithstanding the above, on or about November 7, 2002, a representative, employee and/or agent from Defendant identifying herself as "Julio" contacted Plaintiff Eileen Lombardo at her place of employment in an attempt to coerce payment of the debt

24. The Letter were false, deceptive, misleading and unfair in that they did not contain
the required validation/verification information pursuant to 15 U.S.C. § 1692g of the FDCPA.

25. The Defendant acted in a false, deceptive, misleading and unfair manner by breaching the terms of the Settlement Agreement made between the Plaintiff Eileen Lombardo and Defendant.

26. The Defendant acted in a false, deceptive, misleading and unfair manner by harassing, oppressing and abusing the Plaintiffs including, but not limited to, repeatedly and continuously contacting the above person with the intent to annoy, abuse, and harass such person contacted.

27. The Defendant acted in a false, deceptive, misleading and unfair manner when they repeatedly contacted Plaintiff Eileen Lombardo's employer after Plaintiff Eileen Lombardo had informed Defendant that such calls were inconvenient to Plaintiff Eileen Lombardo and that Plaintiff Eileen Lombardo's employer prohibits such communications at the work place.

28. At all pertinent times hereto, Defendant acted in a false, deceptive, unfair and unethical manner when it designed, compiled and furnished the Letter knowing that it would be used to create the false belief in consumers that a large established law firm and lawyer(s) were participating in the collection of a debt when in fact no such law firm and lawyer(s) was so participating.

29. Defendant knew or should have known that its actions violated the FDCPA, FCEUA and the UTPCPL. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, FCEUA and the UTPCPL, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

30. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

31. At all times pertinent hereto, the conduct of Defendant, as well as that of their

agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

32. As a result of Defendant's conduct, Plaintiffs have sustained actual damages including, but not limited to, injury to Plaintiffs' reputation, defamation, invasion of privacy, out-of-pocket expenses, damage to Plaintiffs' credit, extreme physical, emotional and mental pain and anguish and pecuniary loss, and Plaintiffs will continue to suffer same for an indefinite time in the future, all to Plaintiffs' great detriment and loss.

### V. FIRST CLAIM FOR RELIEF-VIOLATION OF THE FDCPA

33. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

34. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

35. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

36. The above contacts by Defendant were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

37. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692c(a)(1), 1692c(a)(3), 1692d, 1692d(5), 1692e, 1692e(3), 1692e(10), 1692f , 1692g and 1692j, as evidenced by the following conduct:

  (a) Communicating with the Plaintiff at an unusual time or place or a time or place known or which should be known to be inconvenient to the Plaintiff;

  (b) Communicating with the Plaintiff at her place of employment when the Defendant knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communications;

    (c)    Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

    (d)    Causing a telephone to ring or engaging any person in conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

    (e)    Falsely representing or implying that the Letter was from an attorney;

    (f)    Failing to send Plaintiff all of the required information pursuant to section 1692g(a) of the FDCPA;

    (g)    Designing, compiling and/or furnishing any form knowing that such form would be used to create the false belief in the least sophisticated consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating; and

    (h)    Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt.

38. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of coercing Plaintiff to pay the debt.

39. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiffs in the sum of Plaintiffs' statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiffs respectfully pray that relief be granted as follows:

    (a)    That an order be entered declaring that the Defendant's actions as described above are in violation of the FDCPA;

    (b)    That an order be entered enjoining the Defendant from continuing to

    communicate with Plaintiff in violation of the FDCPA;

 (c) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

 (d) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

 (e) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

 (f) That the Court grant such other and further relief as may be just and proper.

## VI. **SECOND CLAIM FOR RELIEF-VIOLATION OF THE FCEUA AND UTPCPL**

40. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

41. Defendant is a "debt collector" as defined by 73 P.S. § 2271.3 of the FCEUA.

42. Plaintiffs are "debtors" as defined by 73 P.S. § 2271.3 of the FCEUA.

43. The above contacts by Defendant are "communications" relating to a "debt" as defined by 73 P.S. § 2271.3 of the FCEUA.

44. Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the UTPCPL, by attempting to collect the debt in violation of the FCEUA. Defendant's violations of the FCEUA and UTPCPL include, but are not limited to, violations of 73 P.S. § 2270.4(a), as evidenced by the following conduct:

 (a) Communicating with the Plaintiff at an unusual time or place or a time or place known or which should be known to be inconvenient to the Plaintiff;

 (b) Communicating with the Plaintiff at her place of employment when the

    Defendant knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communications;

(c)  Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

(d)  Causing a telephone to ring or engaging any person in conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

(e)  Falsely representing or implying that the Letter was from an attorney;

(f)  Failing to send Plaintiff all of the required information pursuant to section 1692g(a) of the FDCPA;

(g)  Designing, compiling and/or furnishing any form knowing that such form would be used to create the false belief in the least sophisticated consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating; and

(h)  Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt.

45.  Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of coercing Plaintiffs to pay the debt.

46.  As a result of the above violations of the FCEUA and UTPCPL, Plaintiffs have suffered ascertainable losses entitling Plaintiffs to an award of statutory, actual and treble damages and attorney's fees and costs.

  WHEREFORE, Plaintiffs respectfully pray that relief be granted as follows:

(a) That an order be entered declaring that the Defendant's actions as described above are in violation of the FCEUA and the UTPCPL;

(b) That an order be entered enjoining Defendant from continuing to communicate with Plaintiffs in violation of the FCEUA and the UTPCPL;

(c) That judgment be entered against the Defendant for actual damages pursuant to 73 P.S. § 201-9.2(a);

(d) That judgment be entered against the Defendant for statutory damages pursuant to 73 P.S. § 201-9.2(a);

(e) That judgment be entered against the Defendant for treble damages pursuant to 73 P.S. § 201-9.2(a);

(f) That the Court award costs and reasonable attorney's fees pursuant to 73 P.S. § 201-9.2(a); and

(g) That the Court grant such other and further relief as may be just and proper.

## VII.   JURY TRIAL DEMAND

47. Plaintiffs demand trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED,**

**FRANCIS & MAILMAN, P.C.**

BY: _____
JAMES A. FRANCIS, ESQUIRE
MARK D. MAILMAN, ESQUIRE
JOHN SOUMILAS, ESQUIRE
Attorneys for Plaintiff
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110

```
```

(215) 735-8600

DATE: August 15, 2003